IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-63411 |
| | ) | |
| CHRISTINE STORMER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Caldwell |
| | ) | |
| | ) | |
| DANIEL M. MCDERMOTT | ) | Adv. Pro. No. 11- _____ |
| UNITED STATES TRUSTEE, | ) | |
| 170 North High St., Ste. 200 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KELLY ROBBENNOLT, an individual, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF, TURNOVER OF FUNDS,
AND ASSESSING PENALTIES UNDER 11 U.S.C. §§ 110 AND/OR 528
AGAINST DEFENDANTS BANKRUPTCY PETITION PREPARERS**

Plaintiff, Daniel M. McDermott, United States Trustee for Region 9 ("UST") hereby brings this action for disgorgement, sanctions, and injunctive relief against Defendant Kelly Robbennolt (hereinafter "Defendant"), under 11 U.S.C. §§ 110 and/or 528, and for such other relief as may be just and proper.[1]

---

[1] The UST has reason to believe that Defendant operates or operated under the moniker Professional Consulting Services. The UST also has reason to believe that Defendant's primary internet site is www.usbankruptcygroup.com.

## PARTIES

1. Plaintiff Daniel M. McDermott is the United States Trustee for Region 9, which encompasses the Southern District of Ohio, with the following business address: U.S. Department of Justice, Office of the U.S. Trustee, 170 North High Street, Suite 200, Columbus, Ohio 43215.[2]

2. Defendant is an individual who acts or has acted as bankruptcy petition preparer ("BPP") as defined in 11 U.S.C. § 110(a). Defendant's last know address is 257 East 1130 South, Lehi, UT 84043.

## JURISDICTION

3. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(a), 28 U.S.C. § 157 and 11 U.S.C. § 110. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

4. Venue is proper in this court under 28 U.S.C. § 1409(a).

5. Plaintiff has standing to seek the relief requested under 11 U.S.C. §§ 307 and 110(j)(1).

## FACTS

6. Defendant, through internet-based outlets, operates as a preparer of bankruptcy documents, including documents filed in the United States Bankruptcy Court for the Southern District of Ohio in the bankruptcy case of *In re Stormer*, Case No. 10-63411. To the UST's knowledge, Defendant is not admitted to practice before this court or any other court, nor is he

---

[2] Under 28 U.S.C. § 586(a)(3), the UST is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. The UST has standing to bring proceedings under 11 U.S.C. §§ 307 & 110(j)(1) against those who act as bankruptcy petition preparers ("BPP").

licensed to practice law in any state. In this case, it appears Defendant's business was marketed to Debtor as providing assistance for individuals facing foreclosure.

7. Upon information and belief, the UST understands that Defendant has aligned himself with several attorneys to complete bankruptcy filings which he has prepared via the court's CM/ECF system. The UST is aware of at least three Ohio licensed attorneys linked to Defendant including: Carl Lux, Pamela Theodotou, and, in this case, Diana Khouri. Thus, it is evident that Defendant has aligned himself with attorneys to complete the "tail end" of bankruptcy cases and veil his BPP activities under the guise of a virtual "internet law office."

8. Upon information and belief, Debtor was charged at least $895 by Defendant for the preparation of her bankruptcy paperwork. Upon information and belief, Debtor also paid at least $25 of the court's filing fee to Defendant.

9. Upon information and belief, the UST avers that the activities of Defendant were autonomous. Debtor had little or no contact with Attorney Khouri until after Debtor's bankruptcy case was filed.

10. Upon information and belief, Defendant gave legal advice to Debtor regarding the effect of a bankruptcy filing on her impending home foreclosure. Evidence will show that said legal advice was not simply relayed to Debtor by Defendant from an Ohio licensed attorney, rather, such legal advice was wholly that of Defendant.

11. The UST is informed and believes, and, based thereon, alleges, that Defendant has utilized, and continues to utilize, an elaborate and complicated network of domestic business entities, virtual offices, websites, web domains, email accounts, and/or financial accounts to obfuscate his involvement as a BPP and to avoid being held accountable for refusal to comply with 11 U.S.C. § 110.

12. The actions complained of herein are illegal, and contrary to public policy and the spirit and the letter of bankruptcy law and legal practice.[3] The Debtor, as well as persons similarly situated, has been, and will continue to be, irreparably harmed by the acts, violations and omissions of the Defendant identified herein.

**FIRST CLAIM FOR RELIEF**
**(Violation of 11 U.S.C. § 110(e)(2)(A))**

13. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth herein.

14. In preparing Debtor's bankruptcy documents for filing and consulting with Debtor, Defendant gave Debtor legal advice concerning whether to file a petition for bankruptcy, whether commencing a bankruptcy case is appropriate, whether Debtor would be able to retain her home with the filing of the bankruptcy, as well as information concerning bankruptcy procedures and rights.

15. Upon information and belief, the UST asserts that Defendant gave Debtor a significant amount of bankruptcy legal advice throughout the time Defendant had involvement with Debtor.

16. Under 11 U.S.C. §110(e)(2)(A), a BPP may not offer a potential bankruptcy debtor any legal advice, including any legal advice referred to in subparagraph (B). By offering such advice, Defendant violated 11 U.S.C. § 110(e)(2)(A).

17. According to 11 U.S.C. § 110(h)(3)(B), "All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)." Therefore, the Court should order Defendant to disgorge all fees paid to him by Debtor.

---

[3] The UST reserves the right to amend this Complaint to add additional Code violations as discovery progresses.

18.	According to 11 U.S.C. § 110(l)(1), a fine of $500 payable to Plaintiff may be assessed against any BPP for each violation of subsections (b-h).  Therefore, the Court should assess a fine of such an equal amount against Defendant payable to Plaintiff.

19.	According to 11 U.S.C. § 110(l)(2)(D), the court shall triple the amount of a fine assessed under 11 U.S.C. § 110 (b), (c), (d), (e), (f), (g), or (h) in any case in which the court finds that a BPP prepared a document for filing in a manner that failed to disclose the identity of the BPP.  Because Defendant failed to disclose his identity as BPP in this case, the Court should triple the fine assessed in ¶ 18 and fine the Defendant the sum of such an equal amount.

### SECOND CLAIM FOR RELIEF
**(Violation of 11 U.S.C. § 110(g))**

20.	Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 19.

21.	Upon information and belief, Defendant collected at least part of the court filing fee for the filing of Debtor's bankruptcy from Debtor and said fees remained in control of Defendant up to the time of filing.

22.	Under 11 U.S.C. §110(g), a BPP shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition.  Defendant's collection of court filing fees from Debtor violated this provision.

23.	According to 11 U.S.C. § 110(h)(3)(B), "All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)."  Therefore, the Court should order Defendant to disgorge all fees paid to them by Debtor.

24.	According to 11 U.S.C. § 110(l)(1), a fine of $500 payable to Plaintiff may be assessed against any BPP for *each* violation of subsections (b-h).  Therefore, the Court should assess a  fine of such amount against Defendant payable to Plaintiff.

25. According to 11 U.S.C. § 110(l)(2)(D), the court shall triple the amount of a fine assessed under 11 U.S.C. § 110 (b), (c), (d), (e), (f), (g), or (h) in any case in which the court finds that a BPP prepared a document for filing in a manner that failed to disclose the identity of the BPP. Because Defendant failed to disclose his identity as BPP in this case, the Court should triple the fine assessed in ¶ 24 and fine the Defendant the sum of such amount.

## THIRD CLAIM FOR RELIEF
### (Request for Injunctive Relief Pursuant to 11 U.S.C. § 110(j))

26. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 25.

27. Defendant's actions described in detail in paragraphs 1 through 25 above violate multiple sections of § 110, and constitute fraudulent, unfair, or deceptive conduct under 11 U.S.C. § 110(e) and (I), therefore injunctive relief is appropriate to prevent the recurrence of this conduct under 11 U.S.C. § 110(j).

28. Under 11 U.S.C. § 110(j)(2)(A), if a bankruptcy petition preparer has engaged in conduct in violation of § 110 or engaged in any other fraudulent, unfair, or deceptive conduct, the bankruptcy court may enjoin the bankruptcy petition preparer from engaging in such conduct. Because Defendant's actions violate multiple sections of § 110, and constitute fraudulent, unfair, or deceptive conduct, the Court should enjoin the Defendant from engaging in such conduct.

29. Under 11 U.S.C. § 110(j)(2)(B) if a bankruptcy petition preparer continually engages in such conduct and a mere injunction is insufficient "to prevent such person's interference with the proper administration of this title, has not paid a penalty imposed under this section, or failed to disgorge all fees ordered by the court, the court may enjoin the person from acting as a bankruptcy petition preparer." Defendant herein has continually engaged in the type of conduct described above. Therefore, because an injunction simply prohibiting such conduct is insufficient to prevent Defendant's continued interference with the proper administration of the Bankruptcy Code, the Court should permanently enjoin Defendant from further acting as a BPP, enforceable in the Southern District of Ohio.

## FORTH CLAIM FOR RELIEF
### (Violation of 11 U.S.C. § 528)

30. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 29.

31. As a BPP, Defendant is also a Debt Relief Agency ("DRA") by definition.[4] Therefore, in addition to the prohibitions and penalties set out in § 110, Defendant must also adhere to the restrictions, disclosures, and requirements for DRAs under 11 U.S.C. §§ 526, 527, and 528.[5]

32. Under 11 U.S.C. §§ 528(a)(4) and 528(b)(2)(B) all advertising by DRAs for bankruptcy services must include, clearly and conspicuously, the following or substantially similar statement: "We are a debt relief agency. We help people file for bankruptcy relief under the Bankruptcy Code." Defendant's advertisement(s) and website(s) fail(s) to include such a statement in direct violation of § 528.

33. The UST further alleges, upon information and belief, that all other disclosure provisions required by § 527(a)-(c) were not complied with, and Defendant failed to maintain signed copy of the notices required to be provided to the Debtor as required by § 527(d).[6]

34. According to 11 U.S.C. § 526(c)(2), "Any debt relief agency shall be liable to an assisted person in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that the debt relief agency has received . . . ." Therefore, the Court should order that Defendant to disgorge all fees paid to him by Debtor.

---

[4] See 11 U.S.C. § 101(12A).

[5] See 11 U.S.C. §§ 526, 527, and 528.

[6] Further discovery is necessary to determine the extent of these violations and what additional sanctions are required and appropriate, if any.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for an Order from the Court as follows:

**AS TO THE FIRST CLAIM FOR RELIEF:**

A. Disgorging all fees paid to Defendant be returned to Debtor;

B. Imposing a fine upon Defendant payable to Plaintiff;

C. Tripling the fine ordered at "B";

**AS TO THE SECOND CLAIM FOR RELIEF:**

A. Disgorging all fees paid to Defendant be returned to Debtor;

B. Imposing a fine upon Defendant payable to Plaintiff;

C. Tripling the fine ordered at "B";

**AS TO THE THIRD CLAIM FOR RELIEF:**

A. Permanently enjoining Defendant from engaging in the conduct which violates 11 U.S.C. § 110 as complained herein and enforceable in the Southern District of Ohio.

B. Permanently enjoining Defendant from acting as a bankruptcy petition preparer, enforceable in the Southern District of Ohio;

**AS TO THE FORTH CLAIM FOR RELIEF:**

A. Disgorging the fee of $895 from Defendant to be returned to Debtor;

**AS TO ALL CLAIMS FOR RELIEF:**

A. For Plaintiff's costs and disbursements as allowed by the Court.

B. For such other and further relief as the Court deems just and equitable.

Dated: September 29, 2011    DANIEL M. MCDERMOTT
              UNITED STATES TRUSTEE FOR REGION 9

              /s/ Daniel Craine
              Daniel Craine (0083591)
              Attorney for the U.S. Trustee
              170 North High Street, Suite 200
              Columbus, OH  43215
              Telephone: (614) 469-7411 ext. 205
              Facsimile: (614) 469-7448
              Email:  Daniel.Craine@ust.doj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 29, 2011, a copy of the foregoing COMPLAINT FOR INJUNCTIVE RELIEF, TURNOVER OF FUNDS, AND ASSESSING PENALTIES UNDER 11 U.S.C. §§ 110 AND/OR 528 AGAINST DEFENDANT BANKRUPTCY PETITION PREPARER was served on the following registered ECF participants, electronically through the court ECF System at the below email addresses either known or otherwise registered with the court:

| | |
|---|---|
| Asst US Trustee (Col) | ustpregion09.cb.ecf@usdoj.gov |
| Daniel Craine | Daniel.Craine@usdoj.gov |
| Diana Khouri | Dianakhouriohio@gmail.com |
| Susan L. Rhiel | pleadings@susanattorneys.com, oh57@ecfcbis.com;sr@trustesolutions.com |
| Gregory D. Wooldridge | fwecfnotices@ameritech.net |

and on the following by ordinary U.S. Mail addressed to:

Christine Stormer
196 No Name Road
Piketon, OH 45661

Diana Khouri, Esq.
6300 Rockside Road, Ste. 204
Cleveland, OH 44131

Kelly Robbennolt
257 East 1130 South
Lehi, UT 84043

Kelly Robbennolt
P.O. Box 1401
American Fork, UT 84003

Kelly Robbennolt
3677 Brandon Way
Missoula, MT 59803

Kelly Robbennolt
5508 Kensington Cir.
Highland, UT 84003

and on the following by Certified U.S. Mail addressed to:

Kelly Robbennolt
257 East 1130 South
Lehi, UT 84043

Kelly Robbennolt
P.O. Box 1401
American Fork, UT 84003

Kelly Robbennolt
3677 Brandon Way
Missoula, MT 59803

Kelly Robbennolt
5508 Kensington Cir.
Highland, UT 84003

/s/ Daniel Craine
Daniel Craine